IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-03150-RBJ

MILES MULTIMEDIA, LLC

      Plaintiff,

v.

SCHUMANN PRINTERS, INC.

      Defendant,

---

## ORDER

---

      This matter is before the Court on Schumann Printers, Inc.'s Motion to Dismiss for Lack of Jurisdiction [docket ##16 and 17]. Miles Multimedia, LLC filed a response [#18]. Schumann Printers filed a reply [#19] and Miles Multimedia filed a surreply [#20]. All matters are ripe and ready for review. The Court apologizes for its delay in addressing the jurisdictional issues.

      **Facts**

      This case arises out of a dispute between Miles Multimedia, LLC ("Miles Multimedia") and Weaver Publications ("Weaver"), a Colorado company that provided printing services for travel-related organizations. Complaint [#1] at ¶7. Schumann alleges that Weaver owes it $999,138.94 for unpaid printing services incurred from November 30, 2012 through January 7, 2011. *Id.* at ¶15. On March 1, 2011 Schumann filed suit against Weaver and two of its officers in Wisconsin state court. *Id.* at ¶14. On February 14, 2011, two weeks prior to the institution of the Wisconsin case, Weaver and Miles Multimedia executed an Asset Purchase Agreement in

which Miles Multimedia purchased most of the assets of Weaver and certain of its subsidiaries. *Id.* at ¶8. Miles Multimedia alleges that it is not a successor of Weaver, and is not liable for the debts of Weaver. *Id.* at ¶¶ 19-20. According to Miles, Schumann has intimated that it may seek to recover its losses from Miles Multimedia under a theory of successor liability. *Id.* at ¶17. Accordingly, Miles Multimedia brought this action on December 5, 2011 seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 stating that Miles Multimedia is not liable for the debts of Weaver.

Now, Schumann files its motion to dismiss arguing that this Court lacks personal jurisdiction over Schumann [#16].

**Standard**

Personal jurisdiction in Colorado is governed by Colorado's "long arm" statute, C.R.S. §13-1-124(1), which provides that the transaction of business or the commission of a tortious act in Colorado subjects a person to the jurisdiction of Colorado's courts. The statute was intended to extend the jurisdiction of Colorado courts to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution. *Jenner & Block v. District Court,* 590 P.2d 964, 965 (Colo. 1979).

Under the due process clause of the Fourteenth Amendment a defendant must have had sufficient minimum contacts with the state such that assertion of jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). The defendant must have done something "purposefully to avail itself of privilege of conducting activities" in Colorado. *Le Manufacture Francaise v. District Court,* 620 P.2d 1040, 1044 (Colo. 1980) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). Jurisdiction can be either general, where a defendant's contacts are of such a continuous and

systematic nature that being haled into court in the forum would not offend his due process rights, or specific, where the claims arise out of the defendant's contacts with the forum. *Archangel Diamond Corp. v. Lukoil,* 123 P.3d 1187, 1190 (Colo. 2005).

If the court elects to conduct an evidentiary hearing, "if the record is rife with contractions, or when plaintiff's affidavits are patently incredible," then the plaintiff's burden increases to a preponderance of the evidence. *Archangel,* 123 P.3d at 1192-93. Under Colorado law, courts may not resolve material issues of disputed fact concerning personal jurisdiction against a plaintiff without an evidentiary hearing. *Id.* at 1192.

**Conclusions**

In its motion to dismiss, Schumann argues that Miles Multimedia failed to plead sufficient facts in the complaint to demonstrate that this Court has personal jurisdiction over Schumann, and this Court lacks both general and specific personal jurisdiction over Schumann. In contrast, Miles Multimedia contends that (1) Schumann has waived its opportunity to raise a jurisdictional challenge, and (2) Schumann has sufficient minimum contacts with Colorado for this Court to exercise specific personal jurisdiction.

<u>Waiver of a Challenge to Personal Jurisdiction</u>

The Court will first address Miles Multimedia's argument that Schumann has waived its opportunity to challenge personal jurisdiction. The basis for Miles Multimedia's argument is the schedule set by this Court during the March 9, 2012 scheduling conference [#9]. In that conference the Court set a briefing schedule for the personal jurisdiction issue in response to Schumann's representation that they might pursue such a challenge. The Court set the following deadlines: Deadline for Discovery Limited to the Issue of Lack of Personal Jurisdiction: March 31, 2012; Deadline for Motion to Dismiss Due to Lack of Personal Jurisdiction: April 13, 2012;

Deadline for Response to the Motion to Dismiss Due to Lack of Personal Jurisdiction: April 27, 2012; and Deadline for Reply to the Response to the Motion to Dismiss Due to the Lack of Personal Jurisdiction due: May 11, 2012 [#9].

Aside from these deadlines, which all parties have followed, Miles Multimedia contends that there was an additional deadline of March 16th, one week from the date of the conference, for Schumann to somehow notify the Court or Miles Multimedia of its intention to pursue a challenge to personal jurisdiction.  The Scheduling Order indicates that Schumann had until March 16, 2012 to determine if it wished to challenge personal jurisdiction but did not specify any notification of the Court or Miles Multimedia [#12].

Schumann states that it did inform counsel for Miles Multimedia of its intention to challenge personal jurisdiction during a telephone conversation on Friday March 16, 2012, and attached a declaration from Schumann's counsel, Roberta F. Howell, to that effect [#19-1]. However, Miles Multimedia maintains that no attorney on that call recalls such a statement being made.

As no transcript or other memorialization of the phone call was provided, the Court has no way of determining whether or not such oral notice was given.  However, given the conversation that took place during the scheduling conference, Miles Multimedia should not have been surprised at the possibility of an attack on personal jurisdiction.  Ms. Howell's signed declaration at least indicates that Schumann believed it had notified Miles Multimedia.  Finally, the Court is not comfortable improperly asserting personal jurisdiction over a party solely because of a misunderstanding.  The Court therefore finds that Schumann has not waived its opportunity and will consider the personal jurisdiction on the merits.

Specific Personal Jurisdiction

*(1) Minimum Contacts*

Miles Multimedia argues that there are sufficient minimum contacts for this Court to exercise specific personal jurisdiction over Schumann.  To meet the requirements for specific-jurisdiction Miles Multimedia must satisfy the minimum contacts standard by demonstrating that: (1) Schumann "purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state, and (2) the litigation results from alleged injuries that arise out of relate to those activities." *Employers Mutual Casualty Co. v. Bartile Roofs*, 618 F.3d 1153, 1160 (10th Cir. 2010) (internal citations omitted).

According to Miles Multimedia, Schumann's connections to Colorado arise out of its business relationship with Weaver.  Miles Multimedia lists a number of contacts, business, and shipments that demonstrate that Schumann was purposefully availing itself of the privilege of conducting business in Colorado.

The purposeful availment standard requires a substantial connection between the defendant and the forum state.  *OMI Holdings, Inc. v. Royal Insurance Co. of Canada*, 149 F.3d 1086, 1092 (10th Cir. 1998).  Here, Miles Multimedia argues that Schumann availed itself of conducting business in Colorado.  Schumann and Colorado-corporation Weaver engaged in a substantial business relationship over the course of 18 months.  Schumann Affidavit [#17-1] at ¶¶4, 13.  In conducting this business, Schumann exchanged emails, phone calls, and faxes with Weaver's Colorado-based Director of Operation, Greg Hadden [#18-2].  In support, Miles Multimedia provides the Court with several invoices demonstrating that Schumann shipped completed work to Weaver in Colorado, as well as to several locations in Colorado.  [##18-4, 18-5].  From November 30, 2010 to January 7, 2011 Schumann invoiced $994,138.94 in printing services to Weaver.  In addition, Miles Multimedia provided the Court with several emails

containing statements such as "[w]e will have some paper left over so be prepared for some heavy sales pressure to produce more books at Schumann" that indicate that Schumann was actively soliciting Weaver's business. [#18-6]. Schumann's contacts with Colorado are more than the "mere existence of a contract." *See New Frontier Media, Inc. v. Freeman*, 85 P.3d 611, 614 (Colo. App. 2003). Schumann offers opposing arguments and interpretations of these same facts, but "where the parties' competent evidence presents conflicting facts, these discrepancies must be resolved in the plaintiff's favor." *Archangel*, 123 P.3d at 1192. Therefore, the Court concludes that Miles Multimedia has established sufficient minimum contacts with Colorado.

However, all of the activities and contacts argued by Miles Multimedia arise out of the business dealings between Schumann and Weaver, not between Miles Multimedia and Schumann. To meet the standard for minimum contacts, Miles Multimedia must demonstrate that "the litigation results from alleged injuries that arise out of or relate to those activities." *Employers Mutual* 618 F.3d at 1160. Miles Multimedia contends that this dispute – the declaratory judgment action – arises "entirely" from the dealings between Weaver and Schumann. Schumann disagrees and argues that the business between Weaver and Schumann is irrelevant to this Court's determination of whether or not Schumann is the successor to Weaver's liabilities under their asset purchase agreement.

Therefore, the Court must determine whether there is a nexus between Schumann's forum-related activities and the current action for a declaratory judgment. *See Employers Mutual Casualty Co. v. Bartile Roofs*, 618 F.3d 1153, 1160 (10th Cir. 2010). Under Tenth Circuit law, a court may apply either the "proximate cause" or "but-for" approach when analyzing this issue. *Id.* at 1160-1161. Under a proximate cause analysis the court asks "whether any of the

defendant's contacts with the forum are relevant to the merits of the plaintiff's claim." *Id.* at 1161

(citing *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1078 (10th Cir. 2008)).

The "but-for" analysis is significantly less restrictive, asking the court to determine whether

personal jurisdiction can be found based on any event in the causal chain that led to the

plaintiff's injury. *Id.*

Under the proximate cause approach, Miles Multimedia's argument for specific personal

jurisdiction most likely fails.  Schumann's business relationship and alleged unpaid services with

Weaver are not relevant to the merits of a declaratory judgment action asking whether Miles

Multimedia is a successor to Weaver.  However, under a but-for approach Miles Multimedia

satisfies the "arise out of" prong of the minimum contacts analysis.  If not for Schumann's

business relationship with Weaver, Miles Multimedia would not be seeking a declaratory

judgment against Schumann.  Weaver's alleged failure to pay for Schumann's services was an

event in the causal chain that lead to Miles Multimedia's request for a declaratory judgment.

*(2) Traditional Notions of Fair Play and Substantial Justice*

After determining that Schumann has minimum contacts with Colorado, the Court must

still determine whether exercising personal jurisdiction would offend traditional notions of fair

play and substantial justice.  Schumann has the burden to demonstrate that jurisdiction under is

unreasonable. *Dudnikov*, 514 F.3d at 1080.

In determining reasonableness, the Court looks to the following factors:

(1) the burden on the defendant, (2) the forum state's interest in resolving the
dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4)
the interstate judicial system's interest in obtaining the most efficient resolution of
controversies, and(5) the shared interest of the several states in furthering
fundamental social policies.

*Employers Mutual*, 618 F.3d at 1161 (citing *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1279 (10th Cir. 2005)). The strength of Schumann's minimum contacts is also assessed when determining reasonableness: "the weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Id.* at 1162.

First, Schumann argues that litigating in Colorado would be burdensome for a small Wisconsin company. While Schumann is by all accounts a family-owned business located in Wisconsin, the Court is not convinced that travel to Colorado for litigation and trial would be unduly burdensome. As the Court found above, Schumann targeted Colorado for its business. Further, although Schumann may be a "small company," it did almost one million dollars' worth of business in Colorado in a very short time period. While Colorado will undoubtedly be more difficult than its' home state of Wisconsin, the Court finds that litigating in Colorado will not create a severe burden on Schumann.

The second factor, Colorado's interest in resolving the dispute, is relatively neutral. Any injury arising out of the dispute between Schumann and Weaver was not predominantly felt in Colorado. However, Colorado does have an interest in litigating disputes involving its' own corporations, and corporations that operate in Colorado, like Schumann and Miles Multimedia. Therefore, the Court finds that this factor does not weigh heavily in favor of either party.

Third, the Court looks to Miles Multimedia's interest in convenient and effective relief. Miles Multimedia chose Colorado as a forum because it was most convenient for it and for its witnesses and evidence. Miles Multimedia argues that Weaver's employees and others who may be relevant witnesses on the successor liability issue are located in Colorado. Schumann has essentially not contradicted this argument. Therefore the Court finds that it weighs in favor of Miles Multimedia.

Fourth, the Court looks to the efficiency of the interstate judicial system.  Schumann argues that because there is already ongoing litigation occurring in Wisconsin regarding Schumann's claims against Weaver, judicial efficiency would be better served by litigating this matter in Wisconsin.[1]  However, Miles Multimedia is not a party to the state court Wisconsin action.  Nor are the same matters at issue.

Finally, the Court considers Wisconsin's interest in substantive social policies.  Wisconsin undoubtedly has an interest in assuring that its' corporations are able to uphold and collect on their business contracts.  However, Schumann has not demonstrated that the issue of Miles Multimedia's successor liability would advance any fundamental substantive social policy in Wisconsin.

Given the consideration of all of these factors, together with the strength of Schumann's contacts with Colorado, the Court finds that although some traditional notions of fair play and substantial justice favor Schumann, on the whole Schumann has failed to demonstrate that the Court's exercise of personal jurisdiction would be unreasonable.

**Order**

Accordingly, the Court determines that personal jurisdiction over Schumann Printers is proper, and therefore Schumann Printers' Motion to Dismiss for Lack of Personal Jurisdiction [#16] is DENIED.

There is a pending motion for summary judgment with no response or reply and an October 15, 2012 trial date.  Please confer and then (1) advise the Court that you wish to retain the trial date; if so, the response to the motion for summary judgment is due September 10, 2012, and the reply is due September 17, 2012; the Court will be on vacation September 29 through

---

[1] Schumann also describes in great detail a discovery dispute between the parties as evidence that judicial economy would be served in another forum.  The Court fails to see how denying personal jurisdiction would ease any alleged bad behavior.  If the parties have a genuine discovery dispute they should contact the Court and have it resolved.

October 14, 2012; or (2) notify the Court's staff that you wish to vacate the October 15, 2012

trial date; in that event, please obtain a new trial date; the suggested briefing schedule (but you

can agree on a different schedule) will be response brief September 24, 2012; reply brief October

12, 2012.

      DATED this 4th day of September, 2012.

                        BY THE COURT:

_____
R. Brooke Jackson
United States District Judge