IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-03150-RBJ

MILES MULTIMEDIA, LLC, a Delaware limited liability company,

Plaintiff,

v.

SCHUMANN PRINTERS, INC., a Wisconsin corporation,

Defendant.

ORDER

This case comes before the Court on plaintiff's motion for summary judgment. [docket #23]. Miles Multimedia is seeking declaratory judgment that it is not a successor to the liabilities of Weaver Publications, Inc.

**Facts**

In the fall of 2010 Weaver Publications, Inc. entered into an agreement with Schumann Printers for printing and related services. Pursuant to this agreement, Weaver accumulated a debt owed to Schumann printers of approximately one million dollars. To this date, Weaver has not made any payments to Schumann toward this debt.

Also in the fall of 2010, Weaver began seeking a buyer and hired a third party consultant, Jordan Edmiston Group, Inc., to assist in the process. Miles Multimedia was one of several companies that expressed interest in purchasing Weaver. In January 2011, Miles Multimedia prepared a letter of intent summarizing its terms of the proposed transaction which contemplated purchasing all of Weaver's stock for $1,000,000. Howell Dec. Ex. F. [#33-8]. The proposed

transaction also required that at the time of closing, "Weaver will be debt free and will have no off-balance sheet or contingent liabilities." *Id.*

On January 31, 2011 Mile Multimedia prepared a second letter of intent. In this letter, the proposed transaction between Miles Multimedia and Weaver was significantly different. The new agreement was for Miles Multimedia to a purchase most of Weaver's assets for $400,000. Howell Dec. Ex. G. [#33-9]. Under this transaction, Miles Multimedia would not assume any of Weaver's liabilities. *Id.* In February 2011, pursuant to an asset purchase agreement, Miles Multimedia purchased most of Weaver's assets including Weaver's personal property, comprising Weaver's customer base and contracts; inventory; trade credits; and intellectual property. Howell Dec. Ex. J. [#33-13]. Schumann argues that many of these assets were worth considerably more than the $400,000 purchase price. Specifically, Weaver's customer base was valued at $621,830.77 and Weaver's customer contracts were valued at $1,584,576.12. Howell Dec. Ex. J.

In a separate state court action Schumann brought suit against Weaver for the unpaid debt. However, Weaver is now defunct and judgment-proof. Schumann has asserted that it may seek to hold Miles Multimedia liable for Weaver's debts as a successor in liability. Miles Multimedia argues that pursuant to the asset purchase agreement, it is not liable for Weaver's debts and has brought this action for declaratory judgment.

**Standard of Review**

"Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) (quoting Fed. R.

Civ. P. 56 (c)). When deciding a motion for summary judgment, the Court considers "the factual record, together with all reasonable inferences derived therefrom, in the light most favorable to the non-moving party . . . ." *Id.* The Court does not weigh the evidence or make credibility determinations. *Id.* The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. In challenging such a showing, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

**Conclusions**

When one company sells its assets to another company, the general rule is that the successor company is not liable for the debts and liabilities of the transferor. *Ruiz v. ExCello Corp.,* 653 P.2d 415, 416 (Colo. App. 1982). Colorado recognizes four exceptions to that rule where:

> (1) the purchaser expressly or impliedly agrees to assume such debts; (2) the transaction amounts to a consolidation or merger of the seller and purchaser; (3) the purchasing corporation is merely a continuation of the selling corporation; or (4) the transaction is entered into fraudulently in order to escape liability for such debts.

*Id.* Schumann argues that Miles Multimedia is liable for Weaver's debts under the fourth exception because the transaction was entered into fraudulently to escape liability for such debts.

Schumann relies on Colorado's Uniform Fraudulent Transfer Act (CUFTA) to assert that the transfer was fraudulent. "Only rarely will a creditor be able to produce direct proof of a debtor's intent, and generally, the creditor will have to rely on proof of circumstances which, in their entirety, show that the debtor harbored the proscribed intent." *Yetter Well Service, Inc. v. Cimarron Oil Co., Inc.,* 841 P.2d 1068, 1070 (Colo. App. 1992). Thus, in addition to proving

fraud by establishing "actual intent to hinder, delay, or defraud any creditor of the debtor" CUFTA also provides "badges of fraud" which a court can consider as circumstantial evidence of fraud. C.R.S. § 38-8-105. "Subsection (b) . . . is a nonexclusive catalogue of factors appropriate for consideration by the court in determining whether the debtor had an actual intent to hinder, delay, or defraud one or more creditors. *Id.* at Official Comment (5). This list includes circumstances where the transferor did not receive reasonably equivalent value in exchange for the transfer, and the transferor was insolvent at the time of the transfer or the transferor intended to incur debts beyond its ability to pay them as they came due. C.R.S. § 38-8-105(b)(I), (b)(2)(i).

Miles Multimedia argues that CUFTA is not applicable because it does not apply to property that is encumbered by valid liens that exceed the property's value. At the time of the transfer, Weaver's assets were encumbered by a senior lien owned by RBS Citizens Bank securing a loan with a balance of approximately $6,000,000, which is in excess of Weaver's estimated value. Although I agree with Miles Multimedia that CUFTA does not apply to properties that are encumbered by liens exceeding their value, that determination is not dispositive in this case. Successor liability is not a remedy under CUFTA. C.R.S. § 38-8-108. Rather, Schumann seeks to use CUFTA as a reference to identify whether the transfer was fraudulent. Schumann's reliance on the factors that the legislature has already identified as circumstances appropriate for consideration in determining if a transfer was fraudulent is not misplaced.

"Generally, whether a transfer is fraudulent is a question of fact." *CB Richard Ellis, Inc. v. CLGP, LLC*, 251 P.3d 523, 530 (Colo. App. 2010). By analyzing the transfer using the factors listed in the CUFTA, Schumann has demonstrated that a reasonable jury could determine that the

transfer of Weaver's assets to Miles Multimedia was fraudulent. Accordingly summary judgment is not appropriate.

**Order**

Motion #23 is DENIED.

DATED this 27th day of February, 2013.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge